## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## COLUMBUS DIVISION

| | |
|---|---|
| JESSICA SHEUMAKER<br>c/o Hux Law Firm, LLC<br>3 Severance Circle #18147<br>Cleveland Heights, OH 44118<br><br>    Plaintiff,<br><br>    v.<br><br>SAFELITE SOLUTIONS, LLC<br>c/o CORPORATION SERVICE COMPANY<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES AND**<br>**INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Jessica Sheumaker, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

### PARTIES

1. Plaintiff Sheumaker is a resident of the City of Westerville in Franklin County, Ohio.

2. Defendant Safelite Solutions, LLC ("Safelite") foreign limited liability corporation conducting business at 2400 Farmers Drive, Columbus, Ohio 43235.

### JURISDICTION AND VENUE

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Sheumaker is alleging a federal law claim arising under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq* ("ADA").

4. Venue is properly placed in the United States District Court for the Southern District of Ohio, Columbus Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

5. Prior to instituting this action, Sheumaker filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2020-00028, alleging that Defendant and its agents based on her race and disability.

6. Sheumaker was mailed her Right to Sue Notice from the EEOC on or about September 28, 2020.

7. A true and accurate copy of Sheumaker's Right to Sue Notice is attached as Exhibit 1.

8. Sheumaker has properly exhausted her administrative remedies pursuant to 29 U.S.C. § 626(e).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.

## **FACTS**

11. Sheumaker is a former employee of Safelite.

12. On or about April 14, 2008, Safelite hired Sheumaker.

13. Over the last three years of Sheumaker's employment up until her termination on August 30, 2019, Sheumaker served as a Network Claims Operations Supervisor for Safelite.

14. Sheumaker also served in an unofficial role as a "Job Coach".

15. As a "Job Coach", Sheumaker was responsible for training new hires.

16. In November 2018, Safelite's management, in particularly Brian O'Mara, made the decision to redirect incoming calls for customer reimbursement to the team Sheumaker supervised.

17. Sheumaker's team was not given this task before.

18. Routing the calls through Sheumaker's team added an additional duty that was not in Sheumaker's or any representatives' job description.

19. Sheumaker voiced her opposition of the policy change, but O'Mara continued forward with the change.

20. Sheumaker and her team of four representatives answered an additional 200 calls per day because of the policy change.

21. In addition to adding the new duty, O'Mara initiated a "same day processing" policy, requiring claims to be processed in the same day they were received.

22. No other member of Safelite management had required "same day processing before".

23. Typically, claims were processed between 5-7 business days.

24. Using the new, "same day processing" policy, O'Mara proclaimed that Sheumaker's team was three weeks behind on processing.

25. Sheumaker was forced to constantly work 80+ hour weeks to keep up with the new demands made by O'Mara.

26. Sheumaker repeatedly requested assistance with the increased workload.

27. Safelite repeatedly ignored Sheumaker's requests for assistance.

28. On or about July 2, 2019, O'Mara gave Sheumaker two weeks to "get caught up" with "same day processing".

29. Sheumaker informed O'Mara that this was an unrealistic expectation because of the upcoming holiday and associates being scheduled off work during that time period.

30. Despite the challenges, Sheumaker and her team were able to catch up so that "same day processing" was only two weeks behind.

31. On or about July 15, 2019, despite the progress Sheumaker and her team made, O'Mara told Sheumaker that she would be removed from her position and forced to pick a new position by August 30, 2019.

32. On or about July 22, 2019, Sheumaker signed an agreement with Safelite saying that she would be allowed to pick a new position by August 30, 2019 ("Transfer Agreement").

33. On or about July 29, 2019, after months of working long and demanding hours, Sheumaker took a personal day off of work for her mental health.

34. On or about July 30, 2019, Sheumaker attended a doctor's appointment.

35. After the appointment, Sheumaker's doctor referred her to a therapist and recommended that she take some time off of work due to anxiety and panic attacks related to her work situation at Safelite.

36. On or about July 30, 2019, Sheumaker contacted Safelite to request FMLA leave.

37. Safelite initially approved Sheumaker's leave until August 5, 2019.

38. On or about July 31, 2019, O'Mara held a meeting with Sheumaker's team at which he told them that Sheumaker was not returning to Safelite ("Termination Meeting").

39. During Termination Meeting, O'Mara disclosed Sheumaker's condition to her team without receiving Sheumaker's consent.

40. On or about August 3, 2019, Sheumaker requested an extension of FMLA Leave.

41. Safelite granted an extension of FMLA Leave until August 29, 2019.

42. Sheumaker again requested an extension of FMLA Leave to after August 29, 2019.

43. Safelite denied Sheumaker's FMLA Leave request, despite her having ample time available under the FMLA.

44. Safelite did not give Sheumaker the opportunity to choose a different position according to Transfer Agreement.

45. Safelite's reason for termination is not rooted in any legitimate business reason.

## COUNT I:

## UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

46. Sheumaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

48. Defendant is a covered employer under the FMLA.

49. During her employment, Sheumaker qualified for FMLA leave.

50. During her employment, Sheumaker attempted to request FMLA leave by asking Defendants if she could get additional time to take FMLA leave.

51. Defendants failed to properly advise Sheumaker of her rights under the FMLA.

52. Defendants unlawfully interfered with Sheumaker's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

53. Defendants violated section 825.300(c)(1) of the FMLA and interfered with Sheumaker's FMLA rights when Defendants did not grant additional FMLA Leave, even though she had not fully exhausted her FMLA Leave.

54. As a direct and proximate cause of Defendant's conduct, Sheumaker suffered and will continue to suffer damages.

55. As a direct and proximate cause of Defendant's conduct, Sheumaker is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## COUNT II:

### RETALIATION IN VIOLATION OF THE FMLA

56. Sheumaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. During her employment, Sheumaker utilized FMLA leave.

58. After Sheumaker utilized her qualified FMLA leave, Defendant retaliated against her.

59. Defendant retaliated against Sheumaker by informing her team that she was terminated from Safelite and preventing her from applying for a different position as outlined in Transfer Agreement.

60. Defendant willfully retaliated against Sheumaker in violation of U.S.C. § 2615(a).

61. As a direct and proximate cause of Defendant's wrongful conduct, Sheumaker is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT III:

### DISABILITY DISCRIMINATION IN VIOLATION OF ADA

62. Sheumaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Sheumaker suffered from a disability as defined by the ADA.

64. In the alternative, Defendant perceived Sheumaker as being disabled as defined by the ADA.

65. Sheumaker's condition constituted a physical impairment.

66. Sheumaker's condition substantially impaired one or more of her major life activities including working.

67. Defendant perceived Sheumaker's condition to substantially impair one or more of her major life activities including working.

68. Defendant treated Sheumaker differently than other similarly-situated employees based on her disabling condition.

69. In the alternative, Defendant treated Sheumaker differently than other similarly-situated employees based on her perceived disabling condition.

70. Defendant violated the ADA by discriminating against Sheumaker based on her disabling condition when it terminated her employment while she was out on medical leave.

71. Defendant violated the ADA by disclosing her medical condition to Sheumaker's team without her prior consent.

72. As a direct and proximate cause of Defendant's conduct, Sheumaker suffered and will continue to suffer damages.

## COUNT IV:
## DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112.02

73. Sheumaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Sheumaker suffered from a disability as defined by §4112.02.

75. In the alternative, Defendant perceived Sheumaker as being disabled.

76. Sheumaker's condition constituted a physical impairment.

77. Sheumaker's condition substantially impaired one or more of his major life activities including working.

78. Defendant perceived Sheumaker's condition to substantially impair one or more of her major life activities including working.

79. Defendant treated Sheumaker differently than other similarly-situated employees based on her disabling condition.

80. Defendant treated Sheumaker differently than other similarly-situated employees based on her perceived disabling condition.

81. Defendant violated R.C. §4112.02 by discriminating against Sheumaker based on her disabling condition while she was out on medical leave.

82. Defendant violated the R.C. §4112.02 by disclosing her medical condition to Sheumaker's team without her prior consent.

83. As a direct and proximate cause of Defendant's conduct, Sheumaker suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Sheumaker demands from Defendant the following:

(a) Issue a permanent injunction:

  (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

  (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

  (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Sheumaker to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Sheumaker for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Sheumaker claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

_____
James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff Sheumaker*

## **JURY DEMAND**

Plaintiff Jessica Sheumaker demands a trial by jury by the maximum number of jurors permitted.

_____
James J. Hux (0092992)